**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| SPECTOR & CO., | |
| *Plaintiff,* | |
| v. | Court Nos.    22-00164 |
| UNITED STATES, | 22-00165 |
| *Defendant.* | |

**MOTION FOR TEST CASE DESIGNATION AND SUSPENSION**

Pursuant to Rule 83 of the United States Court of International Trade (USCIT), Plaintiff, Spector & Co., respectfully moves to designate *Spector & Co. v. United States*, Court No. 22-00164 (complaint filed June 22, 2026), as a test case, and to suspend *Spector & Co. v. United States*, Court No. 22-00165, thereunder.

USCIT Rule 83(f) provides that a "party who intends that an action be designated a test case must: (1) consult with all other parties to the action in accordance with Rule 7(b); and (2) file with the court a motion requesting such designation. The motion for test case designation must include a statement that the party: (1) intends to actively prosecute such case once designated; and (2) has other actions pending before the court that involve the same significant question of law or fact as is involved in the test case and that it will promptly suspend under that case." USCIT Rule 83(i) and (j) further provide that a motion for suspension "may be joined with a motion for designation of a test case," and "must include, in addition to the requirements of Rule 7: (1) the title and court number of the action for which suspension is requested; (2) the title and court number of the test case; and (3) a statement of the significant question of law or fact alleged to be the same in both actions." Additionally, the Court retains the discretion to assess whether test case

1

designation is warranted, considering, among other factors, "the number of protests and entries involved" and "the degree to which [test case designation or consolidation] will complicate discovery, burden the parties," or "strain judicial resources." *A. T. Clayton & Co. v. United States*, 16 C.I.T. 456, 458 (1992).

All requirements for test case designation and suspension are met here. First, Plaintiff has conferred with Defendant. Specifically, on June 22, 2026, undersigned counsel sent a draft of this motion to counsel for Defendant and sought Defendant's position. On June 25, 2026, counsel for defendant responded, seeking clarification regarding the overlap between the two cases at issue. Undersigned counsel responded the same day. As of the time of filing of this motion, however, Defendant has not provided a definitive position on this motion; counsel for Defendant suggested that Defendant may not consent, but also asked whether Plaintiff would consider staying Court No. 22-00165 as an alternative.[1]

Second, Plaintiff intends to actively prosecute Court No. 22-00164 once it is designated as a test case. Indeed, on June 22, 2026, Plaintiff filed a complaint in Court No. 22-00164 to litigate its claims.

Third, both of the above-captioned cases involve the same questions of law and fact: namely, whether Plaintiff's merchandise, which was imported into the U.S., exported to Canada for alterations, then re-imported into the U.S., should have been classified as "Articles returned to the United States after having been exported to be advanced in value in or improved in condition by any process of manufacture or other means: Articles exported for repair or alterations: Other

---

[1] It is unclear how test case designation and suspension would be meaningfully different from staying Court No. 22-00165—except that it would require Plaintiff to go through the additional, unnecessary expense of preparing and filing a complaint and motion to stay in Court No. 22-00165.

[than repairs or alterations made pursuant to a warranty]," under subheading 9802.00.50, Harmonized Tariff Schedule of the United States (HTSUS), duty-free, upon re-importation. These questions of law and fact do *not* turn on the identity of the particular merchandise at issue; instead, they turn on (1) the documentation necessary to demonstrate prior importation into the United States and exportation to Canada; (2) the nature of the alterations performed in Canada (*i.e.*, personalization with logos); and (3) whether the merchandise, so altered and re-imported into the United States, qualifies for classification under subheading 9802.00.50. These issues are substantially identical across Court No. 22-00164 and Court No. 22-000165, despite immaterial differences between the particular merchandise imported across different entries.

And fourth, test case designation and suspension are preferrable to consolidation in this instance. Court No. 22-00165 involves up to 40 different styles of merchandise and about 90 separate protests and entries. *See Spector & Co. v. United States*, Summons, ECF No. 1, Court No. 22-00165 (June 1, 2022). Given the number of protests and entries involved, as well as the number of styles of merchandise at issue, consolidation would be inefficient in resolving the dispute between the parties and unnecessarily strain judicial resources. *See, e.g.*, *A. T. Clayton & Co.*, 16 C.I.T. at 458 (finding that judicial economy favored test case designation where "the entries and ports involved are so numerous that consolidation is impractical in these circumstances"). Specifically, a decision in Court No. 22-00164 will resolve all factual and legal issues necessary to, in turn, resolve Court No. 22-00165—for instance, by resolving what documentation suffices to demonstrate prior importation, exportation, and post-alteration re-importation, which again does not depend on the particular style of merchandise at issue. Consolidating the cases, by contrast, will require the parties and the Court to unnecessarily replicate their efforts on a massive scale across 90 different entries. Defendant in fact appears to recognize how cumbersome consolidation

3

would be, by virtue of asking whether Plaintiff would stay Court No. 22-00165 as a potential alternative to test case designation and suspension (which, as noted above, is little different from test case designation and suspension in the first place).

For these reasons, Plaintiff respectfully requests that the Court designate Court No. 22-00164 as a test case and suspend Court No. 22-00165 thereunder.

Dated: June 26, 2026

Respectfully submitted,

/s/ Luke Mathers
Luke Mathers
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0160
lmathers@strtrade.com