UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____

| | | |
|---|---|---|
| SPECTOR & CO., | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court Nos.  22-00164 |
| | : | 22-00165 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

Upon reading plaintiff's motion for test case designation and suspension;

defendant's response thereto; and upon consideration of other papers and proceedings had

herein; it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.


_____
Chief Judge Mark A. Barnett


Dated:  New York, New York
_____, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____

| | | |
|---|---|---|
| SPECTOR & CO., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court Nos.   22-00164 |
| | : | 22-00165 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO PLAINTIFF'S MOTION FOR TEST CASE DESIGNATION AND SUSPENSION

Defendant, the United States, respectfully submits this response to plaintiff's, Spector & Co. (Spector) motion for test case designation and suspension. Docket No. 20. Specifically, Spector moves to designate *Spector & Co. v. United States*, Court No. 22-00164 as a test case, and to suspend *Spector & Co. v. United States*, Court No. 22-00165.  Due to the highly fact-specific inquiry relevant to classification in subheading 9802.00.50 of the Harmonized Tariff Schedule of the United States (HTSUS), test case designation is not appropriate here.  Simply put, classification in subheading 9802.00.50, HTSUS, requires a particularized showing for each entry and does not lend itself to test case/suspension designation.

A test case, defined by USCIT Rule 83(e), is "an action, selected from a number of other pending actions *involving the same significant question of law or fact* that is intended to proceed first to final determination and *serve as a test of the right to recovery* in the other actions."  *Id.*  (emphasis added).  As plaintiff aptly noted, the parameters for a motion for test case designation are set forth in USCIT Rule 83(f) and provide that:

1

> A party who intends that an action be designated a test case must: (1) consult with all other parties to the action in accordance with Rule 7(b); and (2) file with the court a motion requesting such designation. The motion for test case designation must include a statement that the party: (1) intends to actively prosecute such case once designated; and (2) has other actions pending before the court that involve the same significant question of law or fact as is involved in the test case and that it will promptly suspend under that case.

USCIT R. 83(f).  Those requirements cannot be met.

Subheading 9802.00.50, HTSUS, provides for a partial or complete duty exemption for, "Articles [1] returned to the United States [2] after having been exported [3] to be advanced in value or improved in condition by any process of manufacture or other means: Articles exported for repairs or alterations."  Therefore, with respect to the merchandise included in each entry of the summonsed actions, plaintiff must establish that the merchandise in the particular entry has been exported out of the United States, advanced in value or improved in condition, and then reimported into the United States.  There is no issue of law here; that is, the parties do not appear to dispute the requirements of the statute. But, as to each entry, there is a new issue of fact as to whether the evidence, for the merchandise in that entry, exists that would satisfy the statutory requirements.

That is, even if plaintiff has sufficient documentation to establish that the statutory requirements have been met with respect to the merchandise in each of the entries in Court No. 22-00164, that would not indicate whether plaintiff could make that same showing for the entries in Court No. 22-00165.  It would not "serve as a test of the right to recovery." USCIT 83(e).  At most, it may suggest the types of documents that plaintiff could provide to establish its claim.  That does not satisfy the standard under Rule 83.

Therefore, because of the fact-specific nature of classification in entry 9802.00.50, HTSUS, test case designation is not appropriate.

Moreover, it is the Government's understanding, based on information provided in the relevant protests, that the merchandise included in the entries covered by Court No. 22-00164 is not the same as the merchandise included in the entries covered by Court No. 22-00165.  Plaintiff appears to agree.  Pl. Mot. at 3.  However, plaintiff claims that the "questions of law and fact do *not* turn on the identity of the particular merchandise at issue" but rather on "the documentation necessary to demonstrate prior importation . . . the nature of the alterations performed [abroad] . . . and . . . whether the merchandise . . . qualifies for classification under subheading 9802.00.50."  Pl. Mot. at 3 (emphasis in original).   Plaintiff misses the point.  Every case of classification under subheading 9802.00.50 turns on the elements identified – documents to demonstrate prior imports, the nature of the improvement and proof of reimportation; that does not make test case/suspension appropriate in all cases. As stated above, even as to identical merchandise, test case/suspension may not be appropriate because, establishing classification under subheading 9802.00.50 as to one item does not mean that classification in another entry could be sufficiently established. It is even less likely that the case should be considered a test case where the merchandise is not even the same.

Notably, this case is unlike a typical classification matter where test case/suspension is implemented.  Indeed, it is typically used where the Court is determining what a particular item *is* for purposes of classification and where that same item is the subject of additional summonses.  *See Keystone Auto. Operations, Inc. v. United States*, 732 F. Supp. 3d 1339 (Ct. Int'l Trade 2024) (case designated test case to determine whether various side bars, nerf

3

bars and bars are considered "side protective attachments.")  Those are simply not the facts

here.

As counsel for the plaintiff mentioned, undersigned counsel suggested that the

second matter be stayed because, although the requirements of Rule 83 may not be satisfied,

litigating the first matter could provide *some* guidance in learning about the types of

documents plaintiff has available that might be sufficient to establish its claim for each

entry.  Therefore, Government counsel suggested, and would certainly consent to, a motion

to stay Court No. 22-00165 pending the final resolution of Court No. 22-00164.[1]

---

[1] Plaintiff suggests that test/case suspension is preferrable to consolidation.  The
Government has not suggested that consolidation is the appropriate procedural avenue.

4

## CONCLUSION

For these reasons, we respectfully request that this Court deny plaintiff's motion for test case and suspension.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:    /s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Monica P. Triana
MONICA P. TRIANA
Senior Trial Counsel
U.S. Dept. of Justice
Civil Division
Commercial Litigation
Branch
26 Federal Plaza, Rm.346
New York, New York l0278
Tel. No. 212-264-9245

July 17, 2026    Attorneys for Defendant